# NOS. 12-22-00036-CR
## 12-22-00037-CR
## 12-22-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYMOND LEE BURNS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Raymond Lee Burns, Jr., acting pro se, filed a notice of appeal, which we construe as a challenge to an order of December 13, 2021, in which the trial court denied several of Appellant's motions in trial court cause numbers F1219203, F1219204, and F1219205.[1] Under the rules of appellate procedure, the notice of appeal must be filed (1) within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or (2) within ninety days after sentence is imposed or suspended if the defendant timely files a motion for new trial.[2] *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides

---

[1] Appellant also mentions an arrest of judgment, but a motion in arrest of judgment is made in the trial court and must be filed "before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 22.1, 22.3. Appellant was sentenced in 2012; thus, to the extent his notice of appeal can be construed as a motion in arrest of judgment, it was required to be filed in the trial court and is untimely. Appellant is also outside the time for appealing his conviction and sentence. *See* ***Burns v. State***, Nos. 12-18-00363-CR, 12-18-00364-CR, 12-18-00365-CR, 2019 WL 210822 (Tex. App.—Tyler Jan. 16, 2019, pet. ref'd) (mem. op., not designated for publication) (per curiam) (dismissing Appellant's untimely appeal from 2012 sentence).

[2] Rule 26.2(a)(2) applies only to an appeal from a conviction and sentence. ***Molina v. State***, No. 12-21-00038-CR, 2021 WL 1251872, at *2 (Tex. App.—Tyler Mar. 31, 2021, no pet.) (mem. op., not designated for publication) (per curiam).

that an appellate court may extend the time to file the notice of appeal if, within fifteen days after the filing deadline, the party "(a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." TEX. R. APP. P. 26.3.

The order from which Appellant seeks to appeal was signed on December 13; thus, Appellant's notice of appeal was due on or before January 12, 2022. *See* TEX. R. APP. P. 26.2(a). Appellant filed his notice of appeal on February 28, after expiration of the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On March 1, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeals would be dismissed unless the information was amended on or before March 11 to show this Court's jurisdiction. This deadline passed without a response from Appellant.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we **dismiss** Appellant's appeals for **want of jurisdiction**. *See* TEX. R. APP. P. 43.2(f). All pending motions are **overruled as moot**.

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-22-00036-CR**

**RAYMOND LEE BURNS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1219203)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-22-00037-CR**

**RAYMOND LEE BURNS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1219204)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-22-00038-CR**

**RAYMOND LEE BURNS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1219205)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*